[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-10107

Non-Argument Calendar

————————————————

HEATHER NICOLE JOHNSTON,

Plaintiff-Appellant,

*versus*

MONICA MORRIS,
JAMECIA DAVIS,
NORTH BIRMINGHAM POLICE DEPARTMENT,
DEPARTMENT OF HUMAN RESOURCES
JEFFERSON COUNTY,
FAMILY COURT OF JEFFERSON COUNTY, et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cv-01055-AMM

_____

Before BRANCH, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

This is a child custody case.  After Heather Johnston lost custody of her daughter, K.J., in Alabama family court and her appeal was dismissed, Johnston brought this pro se lawsuit.  She alleges that various actors, including personnel in the Alabama Department of Human Resources (DHR), the North Birmingham Police Department, and the Family Court of Jefferson County, "human trafficked" her daughter and conspired to deprive Johnston of custody.  Johnston alleges that these acts violated several federal statutes and amendments to the U.S. Constitution. The district court *sua sponte* dismissed her complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.  We affirm the dismissal on other jurisdictional grounds: Johnston lacks Article III standing.

## I.    Background

Custody proceedings involving Johnston's daughter, K.J., began on September 10, 2020, when Monica Morris[1] filed a petition in the Juvenile Court of Jefferson County requesting custody of K.J.

---

[1] Morris and K.J. are unrelated.  Morris appears to have been a family friend.

Then, on November 10, 2020, K.J.'s guardian *ad litem* filed a motion asserting that K.J.'s home life had deteriorated, and an immediate hearing was necessary to protect her safety. Three days later, K.J. ran away from home and stayed with Morris. She was then placed in protective custody by the Birmingham Police Department.

The family court held a hearing on July 19, 2021, granting custody to Morris but allowing Johnston visitation rights. Johnston appealed this decision to the Alabama Court of Civil Appeals, which dismissed her case. Johnston filed this federal case on August 22, 2022.

Johnston's amended complaint alleged that Morris and Jamecia Davis conspired to have Morris harbor K.J., which Johnston alleged was "[h]uman trafficking." She also alleged that various employees of the DHR and the Family Court of Jefferson County, Officer Brown from the North Birmingham Police Department, and K.J.'s guardian *ad litem*, assisted in the human trafficking. Further, she alleged that these defendants lied to the family court, and, in some instances, conspired with the family court to prevent Johnston from having custody over her daughter.

Johnston alleges that these acts violated several federal statutes and amendments to the U.S. Constitution.[2] As for relief, Johnston's original complaint requested attorneys' fees and that the

---

[2] As to federal statutes, Johnston alleged violations of 18 U.S.C §§ 242, 371, 792, 1001, 1503, and 1590. As to the Constitution, Johnston alleged violations of amendments IV, V, VI, VII, VIII, XIII, and IX.

court "immediately remove [K.J.] from the custody of Monica Morris . . . ." But in her amended complaint, Johnston did not request damages and stated many times that she "is not seeking a reversal of the trial court's decision but she is asking for her and her children's constitutional rights to be protected and that this court follow the laws of the United States and enforce the laws of the United States and the constitution."

The district court dismissed Johnston's amended complaint *sua sponte* for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine (albeit without referencing the doctrine by name). It held that Johnston's claims did not seek damages and ultimately sought relief from a state court judgment, which is impermissible under the *Rooker-Feldman* doctrine. But even if Johnston had asked for damages, the district court held that Johnston's claim would be subject to dismissal under 28 U.S.C. § 1915(e)(2) for being a frivolous action. Johnston appealed.

## II.    Discussion

This Court reviews *de novo* a district court's determination that it lacks subject matter jurisdiction. *Behr v. Campbell,* 8 F.4th 1206, 1209 (11th Cir. 2021). "Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute." *Jacobson v. Florida Sec. of State*, 974 F.3d 1236, 1245 (11th Cir. 2020). "If at any point a federal court discovers a lack of jurisdiction, it must dismiss the action." *Id.*

While the district court dismissed Johnston's claim under the *Rooker-Feldman* doctrine, we affirm the dismissal for a separate

jurisdictional reason—Johnston lacks standing. Specifically, she has not requested relief likely to redress her alleged injury. Article III of the Constitution limits the subject-matter jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. "To have a case or controversy, a litigant must establish that [s]he has standing," which requires proof of three elements. *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019). The litigant must prove (1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). As to redressability, we must be able "to ascertain from the record whether the relief requested is likely to redress the alleged injury." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Florida*, 641 F.3d 1259, 1266 (11th Cir. 2011).

Johnston's requested relief is that "her and her children's constitutional rights . . . be protected and that this court follow the laws of the United States and enforce the laws of the United States and the constitution." She makes clear that she "is not seeking a reversal of the [state] trial court's decision" depriving her of custody of K.J., and she does not request damages or injunctive relief. Thus, because mere "vindication of the rule of law . . . . does not suffice" for redressability, and Johnston has not requested any other relief likely to redress her alleged injury, we must dismiss her

6                          Opinion of the Court                    23-10107

claim for lack of standing.  *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 106–07 (1998).[3]

**AFFIRMED.**

---

[3] If Johnston had—as she did in her original complaint—requested that we "immediately remove [K.J.] from the custody of Monica Morris," she would run headfirst into the *Rooker-Feldman* problem that the district court cited.  The *Rooker-Feldman* doctrine requires dismissal when a losing state court litigant calls on a district court to modify or overturn an injurious state-court judgment.  *Behr,* 8 F.4th at 1210.  As the district court held, asking the court to overturn the state court's custody decision goes to the heart of the state court judgment and runs headlong into *Rooker-Feldman*.